Dear Mayor Hammons:
Our office is in receipt of your opinion request in which you present issues concerning one of your town police officers. You state that this officer was employed by the town for a number of years but that such employment ended approximately four years ago. At that time he was not required to complete the training academy since he was "grandfathered" due to his employment at the time the regulation was passed. You ask if he must now, due to the gap in his employment, reenter and complete the physical portion of the academy. You state that this individual is an elected constable and ask the effect of that position on his position as police officer. Finally, you ask what penalties and/or liabilities would be incurred by the Town of Dubach if the town continued to employ this officer past the grace period for academy completion.
Regarding peace officer training requirements, LSA-R.S. 40:2405, states as follows:
§ 2405. Peace officer training requirements
 A. Notwithstanding any other provision of law to the contrary, any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment. Failure to comply with this requirement will be grounds for the council to seek an injunction prohibiting such an individual from exercising the authority of a peace officer.
 B. Additionally, the receipt of supplemental pay from the municipal police officers fund, the deputy sheriffs' fund, or the state police fund shall be contingent upon the recipient's beginning employment as a peace officer after January 1, 1986, successfully completing a council-approved training program, and passing the council-approved examination within one calendar year from date of initial employment.
 C. Peace officers employed as such prior to January 1, 1986, may continue their employment and their receipt of supplemental pay without compliance with the provisions of this Section.
 D. In no case shall the failure of a peace officer to obtain the required training before the passage of one calendar year from the date of initial employment be grounds to suppress any evidence, testimony, or law enforcement action whatsoever in a court of law.
 E. Peace officers employed after January 1, 1986, in villages of one thousand or less, according to the last decennial census, shall have a period of two calendar years to comply with the provisions of this Section, provided that in no case shall a peace officer of such a village be prevented from continuing his duties or receiving regular or supplemental pay if the village is unable to provide the requisite training because of a shortage of funds.
Applicable definitions to the above statute are found in LSA-R.S.40:2402, which states:
§ 2402. Definitions
As used in this Chapter:
 (1)(a) "Peace officer" means any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state, but not including any elected or appointed head of a law enforcement department.
 (b) "Peace officer" shall also include those sheriff's deputies whose duties include the care, custody, and control of inmates.
 (2) "Law enforcement training course" means a basic or advanced course of study certified by the council on peace officer standards and training, for the purpose of educated and training persons in the skills and techniques required of a peace officer in the discharge of his duties.
 (3) "Training center" means any school, academy, institute, or any place of learning whatsoever, which offers or conducts a law enforcement training course.
This police officer would be considered a "peace officer" in accordance with § 1(a) of the above cited statute. Accordingly, he must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment. Please note LSA-R.S.40:2405(E) as cited above, which makes special provisions for villages of one thousand or less. In such a case, the officer shall have a period of two calendar years to comply with the provisions of the section, provided that in no case should the officer of such village be prevented from continuing his duties or receiving regular supplemental pay if the village is unable to provide the requisite training because of shortage of funds. In regards to whether he may be exempted from the physical portion of an academy, the above statutes state that he must complete a course of study certified by the council on peace officer standards in training. Thus, it is at the discretion of the council on peace officer standards in training as to whether or not this officer may be certified. We would suggest contacting the council on peace officer standards in training to see if there is a law enforcement training course which would be more lenient on the physical portion, but which would satisfy the above statutes.
You ask the penalties and/or liabilities if the Town of Dubach continues to employ this officer past the grace period for academy completion. Please note LSA-R.S. 40:2405(A) above, which states in part "failure to comply with this requirement will be grounds for the council to seek an injunction prohibiting such an individual from exercising the authority of a peace officer." The Town may also be subject to a civil suit if injury is sustained due to lack of training or certification. Such suits would be at the discretion on the injured party, if such situation arises.
Regarding the status of this officer holding the position of police officer for the Town of Dubach, and Ward Constable, it is permissible for an individual to hold full-time employment as a municipal officer while holding the local elective office of constable. Provisions of the dual office holding law governing this matter, particularly LSA-R.S. 42:63(D), prohibit an elected official from holding "employment . . . in the same political subdivision in which he holds an elective office." As the political subdivision of a constable is the ward from which he is elected, as opposed to the municipality in which he holds employment, the prohibition of LSA-R.S. 42:63(D) is inapplicable. Thus, it is permissible for this constable to hold full-time employment as municipal police officer for the Town of Dubach. Please note that this is in keeping with Attorney General Opinion 97-214, which concluded the same.
In conclusion, a city police officer who is employed in 1986, but who subsequently had a gap in his employment, must meet the peace officer training requirements in accordance with LSA-R.S.40:2405, which requires him to successfully complete a certified training program approved by the council on peace officer standards in training within one calendar year from the date of his initial employment. If this officer is employed in a village of one thousand or less, he shall have a period of two calendar years to comply with the provisions of LSA-R.S. 40:2405. A constable may hold full-time employment as a municipal police officer.
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb
Date Received: Date Released:
J. RICHARD WILLIAMS Assistant Attorney General